## LANGAN v. PALATINE INS. CO.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. May 2, 1899.)

INSURANCE—ACTION ON POLICY—PLEADING.

The question of the validity of an ~ward of appraisers appointed under the provisions of a fire insurance policy to appraise a loss thereunder cannot be raised, in an action to recover the amount of the loss, by a demurrer to the petition which alleges the regularity of all the proceedings.

This is an action on a policy of insurance against fire. Heard on demurrer to petition.

R. C. Langan, M. A. Walsh, and J. S. Darling, for plaintiff.
George S. Steere and Hayes & Schuyler, for defendant.

SHIRAS, District Judge. From the record in this case it appears that on the 9th day of January, 1898, the defendant company issued to plaintiff a policy of insurance in the sum of $5,000 upon a certain dwelling house situated in the city of Clinton, Iowa; it being provided in the policy that, in case of damage by fire, the insured should, within 60 days after the happening of the fire, furnish to the company certain proofs of loss, and that, "in the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating, separately, sound value and damage, and, failing to agree, shall submit their difference to the umpire, and the award in writing of any two shall determine the amount of such loss;" it being also further provided that the loss shall not become payable until 60 days after the required proofs of loss, including the award of appraisers in case one is had, have been received by the company. It is further averred in the petition that on the 23d day of January, 1898, the insured property was destroyed by fire; that thereupon written notice of the fire was given to the defendant company, and on the 6th of March, 1898, proofs of loss were furnished the defendant, and that on the 9th day of March, at the request of the defendant, a written agreement was entered into providing for an appraisement of the loss sustained; that each party selected an appraiser, and these two selected an umpire or third appraiser; that, the two appraisers originally appointed failing to agree, the matters in difference were submitted to the umpire, and on the 30th day of June, 1898, an award in writing, signed by one of the parties originally selected as appraiser and by the umpire, was returned, fixing the total loss to the plaintiff at the sum of $20,095; that in making such appraisement the appraisers in all respects observed the requirement of the agreement for arbitration. To this petition a demurrer is interposed, setting forth a number of grounds upon which it is claimed that the award is void, but the difficulty in thus submitting the case is that the court cannot assume the facts to be otherwise than is averred in the petition, and upon its face a cause of action is stated.

The theory of defendant seems to be that the award signed by two of the appraisers must be held to recite all the facts upon which the appraisement is based, but that is not its purpose. If the defendant intends to dispute the validity of the award, it must be done by filing an answer. The court cannot assume that notice of the taking the appraisement was not given to the defendant, or that in any other respect such omissions or errors occurred as would be sufficient to invalidate the award. Demurrer is therefore overruled.